# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Fastenal Company and<br>Fastenal IP Company,<br><br>      Plaintiffs,<br><br>v.<br><br>GBW Ventures, LLC and<br>GGBC Holdings, Inc.,<br><br>      Defendants. | Civil Action No. 13cv00067<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Fastenal Company, for its Complaint against Defendants, GBW Ventures, LLC and GGBC Holdings, Inc., states:

## PARTIES

1. Plaintiff, Fastenal Company, is a Minnesota corporation having its principal place of business at 2001 Theurer Boulevard, Winona, Minnesota 55987.

2. Plaintiff, Fastenal IP Company, is a Minnesota corporation having its principal place of business at 2001 Theurer Boulevard, Winona, Minnesota 55987.  Fastenal IP Company is a wholly-owned subsidiary of Fastenal Company.  Fastenal Company and Fastenal IP Company are collectively referred to herein as "Fastenal."

3. Defendant, GBW Ventures, LLC, is a Florida limited liability company having its principal place of business at 3875 St. Johns Parkway, Sanford, Florida 32771.

4. Defendant, GGBC Holdings, Inc., is a Florida corporation having its principal place of business at 3810 St. Johns Parkway, Sanford, Florida 32771.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction over Fastenal's Lanham Act and unfair competition claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a)-(b) and supplemental jurisdiction over Fastenal's other related claims under 28 U.S.C. § 1367.

6. This Court also has original jurisdiction over this civil action under 18 U.S.C. § 1332(a) because Fastenal and Defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000).

7. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Fastenal's claims occurred in the District of Minnesota. Upon information and belief, Defendants marketed their goods and services and solicited customers throughout the United States, including the District of Minnesota.

**FASTENAL'S BODYGUARD TRADEMARK**

8. Fastenal was founded in 1967. Fastenal sells different types of industrial and construction supplies in several product categories, including workplace safety products. Fastenal's goods are sold online, through a nationally distributed print catalog and at more than 2,000 stores throughout the United States.

9. Since at least as early as 2007, Fastenal has used the distinctive trademark BODYGUARD in connection with a variety of workplace safety products, including but not limited to protective and reflective garments (e.g., reflective vests and rain gear), hand protection products (e.g., gloves), head protection products (e.g., hard hats), eye protection products (e.g., safety glasses and goggles), foot production products, traffic control products, hearing protection products (e.g., ear plugs), respirators and jobsite communication and security products. Information about Fastenal's BODYGUARD safety products is attached as Exhibit A.

10.     Since at least as early as 2007, Fastenal's BODYGUARD safety products have been sold at its nationwide network of stores and through its nationally distributed print catalog.

11.     Fastenal owns U.S. Trademark Registration No. 3,940,265 for the word mark BODYGUARD for "safety glasses, ear plugs not for medical purposes, survival suits, namely, disposable suits, protective gloves for industrial use; respirators other than for artificial respiration" in Class 9, "work gloves" in Class 21, "rain suits and gloves" in Class 25 and "hair nets" in Class 26 (the "BODYGUARD Registration").  Fastenal filed the application that resulted in the BODYGUARD Registration on June 22, 2010.  The BODYGUARD Registration issued on April 5, 2011. Details of the BODYGUARD Registration from the U.S. Patent & Trademark Office's Trademark Status & Document Retrieval (TSDR) database are attached as <u>Exhibit B</u>.

12.     Fastenal's BODYGUARD Registration is prima facie evidence of the validity of the registered mark and of the registration of the mark, of Fastenal's ownership of the mark and of Fastenal's exclusive right to use the registered mark in commerce on or in connection with the goods specified in the certificate under 15 USC § 1057(b).

13.     Fastenal often displays its BODYGUARD trademark together with the descriptive wording "Safety Gear" in the logo shown below and in <u>Exhibit A</u> (the "BODYGUARD Logo"), which features the color orange and a black background:



14.     Fastenal has expended a substantial amount of money and effort in advertising and promoting its BODYGUARD mark and safety products.

3

15. Fastenal's BODYGUARD safety products have been extremely successful and well-received in the industry.

16. Consumers recognize and rely upon the BODYGUARD mark as identifying Fastenal as the source of safety products and as distinguishing Fastenal's products from those of others. As a result, Fastenal's BODYGUARD mark has acquired substantial goodwill and is an extremely valuable commercial asset.

## DEFENDANTS' UNLAWFUL ACTIVITIES

17. Fastenal recently learned that after it started using its BODYGUARD mark, Defendants registered the fictitious business names BODY GUARD SAFETY PRODUCTS and BODYGUARD SAFETY PRODUCTS with the Florida Secretary of State and started using the trademarks BODYGUARD and BODYGUARD SAFETY PRODUCTS in connection with workplace safety products and the retail sale of workplace safety products that are identical to those offered by Fastenal under its BODYGUARD mark, including but not limited to reflective clothing, rain gear, gloves, hard hats, safety glasses, ear plugs and respirators. Information about Defendants' safety products is attached as Exhibit C.

18. Fastenal's BODYGUARD goods and Defendants' BODYGUARD and BODYGUARD SAFETY PRODUCTS goods and services are marketed and sold in the same channels of trade to the same consumers or class of consumers.

19. Defendants' BODYGUARD mark is identical to Fastenal's BODYGUARD mark and Defendants' BODYGUARD SAFETY PRODUCTS mark incorporates Fastenal's BODYGUARD mark in its entirety. Defendants' marks are confusingly similar to Fastenal's BODYGUARD mark in sight, sound and meaning.

20.     Defendants display their BODYGUARD SAFETY PRODUCTS trademark in the logo shown below and in <u>Exhibit C</u>, which features the color orange and a black background and is confusingly similar to Fastenal's BODYGUARD Logo:



21.     On or about December 14, 2012, Fastenal's counsel contacted Defendants in writing to advise them of Fastenal's trademark rights and to request that they cease use of BODYGUARD and BODYGUARD SAFETY PRODUCTS.

22.     Fastenal's good faith attempt to avoid this litigation was unsuccessful.  On or about January 2, 2012, Defendants informed Fastenal's counsel that they will not cease use of BODYGUARD and BODYGUARD SAFETY PRODUCTS.  Upon information and belief, Defendants plan to continue use of BODYGUARD and BODYGUARD SAFETY PRODUCTS with full knowledge of Fastenal's trademark rights and the consumer confusion and damage to Fastenal that it will inevitably cause.

23.     Defendants had constructive notice of Fastenal's trademark rights in BODYGUARD at least as early as June 22, 2010 based on Fastenal's application to register its BODYGUARD mark with the U.S. Patent & Trademark Office.

24.     Upon information and belief, Defendants were aware of Fastenal and its BODYGUARD mark when they adopted their BODYGUARD and BODYGUARD SAFETY PRODUCTS marks and chose their marks with the intent to trade upon Fastenal's goodwill and name, with the intent to confuse consumers as to the source of Defendants' goods and services

and to falsely convey to customers that Defendants and their goods and services are endorsed by, sponsored by or otherwise affiliated with Fastenal when they are not.

25. Defendants' activities will cause actual confusion in the marketplace or have already done so.

26. Defendants' actions have caused irreparable harm and damage to Fastenal and will continue to do so unless immediately and permanently enjoined. Specifically, Defendants have traded upon and continue to trade upon the significant and valuable goodwill of Fastenal's BODYGUARD mark. Defendants' conduct is likely to cause consumer confusion as to the source, sponsorship or affiliation of Defendants' goods and services, has damaged and continues to damage Fastenal's significant and valuable goodwill in its BODYGUARD mark, has injured and threatens to further injure Fastenal's right to use its BODYGUARD mark as the exclusive indicia of origin of its products throughout the United States and has lessened and will continue to lessen the capacity of Fastenal's BODYGUARD mark to indicate that the source of its products.

27. Defendants' actions are willful, deliberate and/or with intentional disregard of Fastenal's rights in its BODYGUARD mark.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

28. Fastenal repeats and realleges the allegations in Paragraphs 1-26.

29. The acts of Defendants complained of herein constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30. Without Fastenal's consent, Defendants have used in commerce and continue to use in commerce trademarks that are confusingly similar to Fastenal's distinctive and federally registered BODYGUARD mark in connection with goods and services that are identical and

closely related to Fastenal's goods in a manner that is likely to cause confusion, mistake or deception among purchasers or users as to source or origin of those goods and services.

31. Fastenal is entitled to recover Defendants' profits, damages sustained by Fastenal and the costs of this action under 15 U.S.C. § 1117.

32. Fastenal is entitled to attorney fees under 15 U.S.C. §1117 because this case is exceptional.

## COUNT II
## FEDERAL UNFAIR COMPETITION

33. Fastenal repeats and realleges the allegations in Paragraphs 1-31.

34. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Defendants have used in commerce and continue to use in commerce trademarks that are likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Fastenal, as to the origin of Defendants' goods and services or as to the sponsorship or approval of Defendants' goods, services and commercial activities by Fastenal.

36. Fastenal is entitled to recover Defendants' profits, damages sustained by Fastenal and the costs of this action under 15 U.S.C. § 1117.

37. Fastenal is entitled to attorney fees under 15 U.S.C. §1117 because this case is exceptional.

## COUNT III
## MINNESOTA DECEPTIVE TRADE PRACTICES

38. Fastenal repeats and realleges the allegations in paragraphs 1-36.

39. The acts of Defendants complained of herein constitute deceptive trade practices under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 et seq.

40. Fastenal is entitled to recover its costs and attorney fees under Minn. Stat. § 325D.45.

## COUNT IV
## MINNESOTA UNLAWFUL TRADE PRACTICES ACT

41. Fastenal repeats and realleges the allegations in paragraphs 1-39.

42. The acts of Defendants complained of herein constitute unlawful trade practices in violation of Minn. Stat. § 325D.09 et seq.

43. Fastenal is entitled to injunctive relief and to recover its damages, together with costs and disbursements, including costs of investigation and reasonable attorney fees, and receive other equitable relief as determined by this Court under Minn. Stat. § 325D.15 and Minn. Stat. § 8.31(3a).

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

44. Fastenal repeats and realleges the allegations in paragraphs 1-42.

45. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Minnesota.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

46. Fastenal repeats and realleges the allegations in paragraphs 1-44.

47. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of Minnesota.

## PRAYER FOR RELIEF

WHEREFORE, Fastenal respectfully requests judgment against Defendants as follows:

  A. Permanently enjoining and restraining Defendants and their partners, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from:

  1. Using on or in connection with the production, manufacture, advertisement, promotion, display (including on the Internet or in any metadata), offering for sale, sale or distribution of any product or service or for any other purposes whatsoever the fictitious business names BODY GUARD SAFETY PRODUCTS and BODYGUARD SAFETY PRODUCTS, the BODYGUARD and BODYGUARD SAFETY PRODUCTS marks or any other business name or mark confusingly similar to Fastenal's BODYGUARD mark.

  2. Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion or mistake or to deceive purchasers into believing that Defendants' goods and services originate with or are the products and services of Fastenal or that there is any affiliation, sponsorship, endorsement, association or connection between Fastenal and its products and services and Defendants and their goods and services, and from otherwise competing unfairly with Fastenal.

  B. Directing that Defendants, at their own expense, edit any websites and recall all marketing, promotional and advertising materials distributed, sold or shipped by them that do not comply with Section A of Fastenal's Prayer for Relief.

  C. Directing that Defendants deliver to Fastenal's attorneys or representatives for destruction all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles and advertisements in their possession or under their control that do not comply with Section A of Fastenal's Prayer for Relief and all films, discs, plates, molds, matrices and any other means of making the same.

  D. Directing such other relief as the Court may deem appropriate to prevent the trade and public from forming any erroneous impression that any product or service promoted or provided by Defendants are authorized by Fastenal or related in any way to Fastenal's products or services.

  E. Directing Defendants to file with this Court and to serve upon Fastenal within thirty (30) days after service upon Defendants of an injunction in this action, written reports by Defendants, under oath, setting forth in detail the manner in which Defendants have complied with the injunction.

  F. Directing Defendants to file with this Court and serve upon Fastenal within a reasonable amount of time an accounting of profits which are attributable to Defendants' wrongful actions.

  G. Awarding Fastenal as damages Defendants' profits from their sale of products and services or revenue generated through their products and services under their BODY GUARD SAFETY PRODUCTS and BODYGUARD SAFETY PRODUCTS business names and BODYGUARD and BODYGUARD SAFETY PRODUCTS marks.

  H. Awarding Fastenal all damages and other remedies permitted by common law in an amount to be determined at trial.

  I. Awarding Fastenal all damages and other remedies permitted by 15 U.S.C. § 1117(a), trebled.

  J. Awarding Fastenal reasonable attorney fees and the costs of this action.

  K. Awarding Fastenal such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Dated:  January 7, 2013              FASTENAL COMPANY AND
                                     FASTENAL IP COMPANY

                                     By their counsel,


                                     /s/ Scott W. Johnston
                                     Scott W. Johnston, No.  247558
                                     MERCHANT & GOULD P.C.
                                     80 South Eighth Street, Suite 3200
                                     Minneapolis, MN 55402
                                     Tel. 612.332.5300
                                     Fax 612.332.9081
                                     sjohnston@merchantgould.com